**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TYWON POSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| OFFICER ROCCO PRUGER # 15445, in his | ) | |
| individual capacity, OFFICER KEANEY | ) | JURY TRIAL DEMANDED |
| # 10156, in his individual capacity, OFFICER | ) | |
| TODD MUELLER # 15562, in his individual | ) | |
| capacity, OFFICER LOPEZ # 15739, in his | ) | |
| individual capacity, as-of-yet unknown | ) | |
| employees of the COOK COUNTY | ) | |
| SHERRIFF'S DEPARTMENT in their | ) | |
| individual capacities, the COOK COUNTY | ) | |
| SHERRIFF'S DEPARTMENT, COUNTY OF | ) | |
| COOK, CHICAGO POLICE DEPARTMENT | ) | |
| and the CITY OF CHICAGO, a municipality, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, TYWON POSEY, by and through his attorney, HOLLY BLAINE, and complains of Defendants ROCCO PRUGER # 15445 in his individual capacity, (FIRST NAME UNKNOWN) KEANEY # 10156 in his individual capacity, TODD MUELLER # 15562 in his individual capacity, (FIRST NAME UNKNOWN) LOPEZ # 15739 in his individual capacity, as-of-yet unknown employees of the COOK COUNTY SHERRIFF'S OFFICE, in their individual capacities, the COOK COUNTY SHERRIFF'S DEPARTMENT, the COUNTY OF COOK, the CHICAGO POLICE DEPARTMENT, and the CITY OF CHICAGO, a municipality. In support thereof, Plaintiff states as follows:

**Introduction**

1. This is a civil action brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and Illinois state law to redress deprivations under color of state law of the Plaintiff's rights as secured by the Constitution of the United States of America and the law of the State of Illinois.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343. This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). All events occurred within the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

**Parties**

4. Plaintiff TYWON POSEY ("Plaintiff") is a U.S. citizen who resides at 4139 W. Gladys, Chicago, Illinois 60624.

5. Defendant ROCCO PRUGER # 15445 ("Officer Pruger") is a current or former employee of the City of Chicago Police Department. At all times relevant to this Complaint, Officer Pruger was employed by and acted under the scope of his employment as a duly appointed police officer of the Chicago Police Department and under color of law.

6. Defendant (FIRST NAME UNKNOWN) KEANEY # 10156 ("Officer Keaney") is a current or former employee of the City of Chicago Police Department. At all times relevant to this Complaint, Officer Keaney was employed by and acted under the scope of his employment as a duly appointed police officer of the Chicago Police Department and under color of law.

7. Defendant TODD MUELLER # 15562 ("Officer Mueller") is a current or former employee of the City of Chicago Police Department. At all times relevant to this Complaint,

Officer Mueller was employed by and acted under the scope of his employment as a duly appointed police officer of the Chicago Police Department and under color of law.

8. Defendant (FIRST NAME UNKNOWN) LOPEZ # 15739 ("Officer Lopez") is a current or former employee of the City of Chicago Police Department. At all times relevant to this Complaint, Officer Lopez was employed by and acted under the scope of his employment as a duly appointed police officer of the Chicago Police Department and under color of law.

9. At all times relevant to the complaint, Defendant COUNTY OF COOK is the employer and indemnifying entity for Defendants COOK COUNTY SHERRIFF'S DEPARTMENT and its as-of-yet unknown employees (collectively the "County Defendants").

10. Defendant CITY OF CHICAGO is a municipal corporation organized under the laws of the State of Illinois. The City is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injuries occasioned thereby. The City is or was the employer and indemnifying entity of all Chicago Police Department defendants (collectively the "City Defendants").

**Facts Relevant to All Counts**

11. On or about June 13, 2009, at 1:30 a.m., Plaintiff was driving a vehicle near the intersection of Fulton and Kilpatrick, in the city of Chicago, County of Cook, Illinois.

12. Officers Pruger, Keaney, Mueller, and Lopez (collectively "the officers") stopped Plaintiff's vehicle.

13. The officers removed Plaintiff from his vehicle, handcuffed him, and placed him in the back seat of their patrol car.

14. The officers did not have a warrant for Plaintiff's arrest.

15. The officers did not have probable cause to stop or arrest Plaintiff.

16. After Plaintiff's arrest, the officers systematically searched Plaintiff's vehicle.

17. The officers did not have a warrant to search Plaintiff's vehicle.

18. The officers did not have Plaintiff's consent to search his vehicle.

19. The officers did not have probable cause to search plaintiff's vehicle.

20. Pursuant to the unlawful search of Plaintiff's vehicle, the officers allegedly found contraband.

21. After Plaintiff's arrest, the officers searched Plaintiff's person.

22. The officers did not have a warrant to search Plaintiff's person.

23. The officers did not have Plaintiff's consent to search his person.

24. The officers did not have probable cause to search plaintiff's person.

25. Pursuant to the unlawful search of Plaintiff's person, the officers allegedly found contraband.

26. Plaintiff was charged with the crimes of Possession of a Controlled Substance with Intent to Deliver under 720 Ill. Comp. Stat. 570/401(a)(2)(A), and Possession of a Controlled Substance with Intent to Deliver under 720 Ill. Comp. Stat. 570/401(c)(2) in case No. 09 CR 12250 in the Circuit Court of Cook County, Illinois.

**Fact Relevant to Counts I, II, III, V, and VI**

27. Plaintiff incorporates by reference paragraphs 1–26.

28. At a preliminary hearing on June 30, 2009, Officer Pruger testified under oath that he and his fellow officers witnessed Plaintiff run a stop sign at the corner of Fulton and Kilpatrick on June 13, 2009, prior to arresting Plaintiff and searching Plaintiff's vehicle and person.

29. Officer Pruger testified falsely at that preliminary hearing.

4

30. At a pretrial hearing on February 10, 2010, Officer Pruger again testified under oath that he and his fellow officers witnessed Plaintiff run a stop sign at the corner of Fulton and Kilpatrick on June 13, 2009, prior to arresting Plaintiff and searching Plaintiff's vehicle and person.

31. Officer Pruger further testified that after Plaintiff's arrest he recovered contraband from Plaintiff's vehicle that was in plain view, and that he did not systematically search Plaintiff's vehicle prior to recovering contraband.

32. Officer Pruger testified falsely at that pretrial hearing.

33. The trial court found Officer Pruger's testimony and the State's evidence against Plaintiff to be not credible.

34. The trial court found that the officers did not have probable cause to arrest Plaintiff nor to search his vehicle, and that Plaintiff's arrest and the subsequent search of his vehicle and person violated Plaintiff's rights under the Fourth Amendment.

35. The State dismissed all charges against Plaintiff on February 24, 2010.

36. Plaintiff was released from the custody of the Cook County Sheriff's Department on or about February 24, 2010.

**Facts Relevant to Count IV**

37. Plaintiff incorporates by reference paragraphs 1–26, 36.

38. Prior to his arrest on June 13, 2009, Plaintiff was shot in the abdomen.

39. Plaintiff was admitted to the hospital and treated by Dr. Ryan Sullivan. He remains in Dr. Sullivan's care.

40. His injury is a perforated bowel, caused by a gunshot wound to the abdomen. He is required to wear a colostomy bag until his intestine can be surgically repaired.

41. Plaintiff's injury requires surgical repair and continual medical attention, including but not limited to monthly medical examinations for nine to twelve months prior to surgery, cleaning of Plaintiff's wound, and monitoring for signs of infection.

42. As a result of his injury, Plaintiff developed a Methicillin-resistant *Staphylococcus aureus* ("MRSA") infection.

43. Plaintiff's MRSA infection was well controlled by medication prior to his arrest on June 13, 2009.

44. Plaintiff was scheduled to have his injury surgically repaired in August 2009.

45. During intake procedures at the Cook County Jail, the County Defendants became aware of Plaintiff's injury and MRSA infection, as well as his need for ongoing medical treatment and supplies.

46. On multiple occasions between June 13, 2009 and February 24, 2010, Plaintiff requested medical treatment and supplies from as-yet-unknown employees of the Cook County Sherriff's Department.

47. Each time Plaintiff requested medical treatment and supplies, the County Defendants failed to provide the necessary treatment and supplies.

48. Because of the County Defendants' consistent failure to meet Plaintiff's medical needs, the Circuit Court of Cook County ordered the County Defendants to provide Plaintiff with necessary medical supplies and treatment.

49. The County Defendants failed to comply with the Circuit Court's order.

50. The County Defendants continued to fail to supply Plaintiff with necessary medical supplies and treatment during his pretrial detention in the custody of the Cook County Sherriff between June 13, 2009 and February 24, 2010.

51. The County Defendants prevented Plaintiff from receiving surgical repair of his injury.

52. The County Defendants prevented Plaintiff from receiving the correct medication to control Plaintiff's MRSA infection.

53. Plaintiff's medical condition has significantly deteriorated due to his lack of medical treatment while in the custody, care, and control of the County Defendants.

## Count I – Violation of Due Process (*Newsome* Claim)

54. This Count is alleged against defendants PRUGER, KEANEY, LOPEZ, MUELLER, CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO only.

55. Plaintiff incorporates by reference paragraphs 1–36.

56. While acting individually, jointly, and severally, the City Defendants falsely charged or caused Plaintiff to be charged with and prosecuted for the crime of Possession of a Controlled Substance with Intent to Distribute without probable cause, to wit:

    a. The City Defendants initiated charges with full knowledge that Plaintiff's arrest and the search of his vehicle were made without probable cause;

    b. One or more of the City Defendants testified falsely at preliminary and pretrial hearings regarding the circumstances surrounding Plaintiff's arrest;

    c. The false testimony of one or more of the City Defendants resulted in the initiation and perpetuation of the criminal proceedings against Plaintiff without probable cause.

57. The City Defendants violated Plaintiff's right to due process, protected under the Fifth and Fourteenth Amendments of the U.S. Constitution, by willfully and wantonly

7

withholding material exculpatory evidence from the court, prosecuting officers, and defense counsel before Plaintiff's trial and by testifying falsely about the circumstances surrounding Plaintiff's arrest on June 13, 2009.

    a. The evidence was favorable to Plaintiff because of its exculpatory and impeaching nature.

    b. The evidence was suppressed willfully.

    c. Prompt disclosure of the evidence would have altered the prosecution's decision to proceed with the charges against Plaintiff.

58. The City Defendants' misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

59. The City Defendants' actions directly and proximately resulted in denial of Plaintiff's right to due process, as well as attendant injuries including but not limited to inability to receive proper medical treatment, physical pain and suffering, loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff TYWON POSEY demands judgment jointly and severally against defendants PRUGER in his individual capacity, KEANEY in his individual capacity, LOPEZ, in his individual capacity, MUELLER, in his individual capacity, the CHICAGO POLICE DEPARTMENT, and the CITY OF CHICAGO for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all defendants named in their individual capacity; attorney's fees and costs; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

8

### Count II – Unlawful Arrest and Detention in Violation of the Fourth Amendment

60. This Count is alleged against defendants PRUGER, KEANEY, LOPEZ, MUELLER, CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO only.

61. Plaintiff incorporates by reference paragraphs 1–36.

62. While acting individually, jointly and severally under color of law, the City Defendants falsely stopped and arrested Plaintiff without probable cause, searched Plaintiff's vehicle without probable cause, misrepresented evidence to prosecutors, initiated criminal proceedings based on false evidence, and withheld exculpatory evidence from prosecutors and the trial court.

63. The City Defendants' actions violated Plaintiff's right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unlawful searches, seizures, and detention.

64. The City Defendants' actions directly and proximately resulted in Plaintiff's wrongful detention for nearly nine months, as well as attendant injuries including but not limited to inability to receive proper medical treatment, physical pain and suffering, loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff TYWON POSEY demands judgment jointly and severally against defendants PRUGER in his individual capacity, KEANEY in his individual capacity, LOPEZ in his individual capacity, MUELLER in his individual capacity, the CHICAGO POLICE DEPARTMENT, and the CITY OF CHICAGO for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants named in their individual capacity; attorney's fees and

costs; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count III – Unlawful Prosecution in Violation of the Fourth Amendment

65. This Count is alleged against defendants PRUGER, KEANEY, LOPEZ, MUELLER, CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO only.

66. Plaintiff incorporates by reference paragraphs 1–36.

67. While acting individually, jointly, and severally under color of law, the City Defendants falsely stopped and arrested Plaintiff without probable cause, searched Plaintiff's vehicle without probable cause, and initiated criminal proceedings against Plaintiff without probable cause.

68. The City Defendants failed to disclose the absence of probable cause to prosecutors of the Cook County State's Attorney's Office.

69. The City Defendants misrepresented facts and evidence surrounding Plaintiff's arrest to prosecutors in order to initiate and perpetuate criminal proceedings against Plaintiff without probable cause.

70. The City Defendants' actions violated Plaintiff's right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unlawful searches, seizures, and detention.

71. The City Defendants' actions directly and proximately resulted in Plaintiff's wrongful detention for nearly nine months, as well as attendant injuries including but not limited to inability to receive proper medical treatment, physical pain and suffering, loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

72. WHEREFORE, Plaintiff TYWON POSEY demands judgment jointly and severally against PRUGER in his individual capacity, KEANEY in his individual capacity, LOPEZ in his individual capacity, MUELLER in his individual capacity, the CHICAGO POLICE DEPARTMENT, and the CITY OF CHICAGO for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants named in their individual capacity; attorney's fees and costs; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

**Count IV – Denial of Medical Care in Violation of the Fourteenth Amendment**

73. This Count is alleged against as-yet-unknown employees of the Cook County Sherriff's Department, the COOK COUNTY SHERRIFF'S DEPARTMENT, and the COUNTY OF COOK only.

74. Plaintiff incorporates by reference paragraphs 1–26, 36 – 53.

75. Due to the actions and inactions of the County Defendants, Plaintiff suffered an objectively serious harm that presented a substantial risk to his safety, to wit:

   a. Plaintiff's gunshot wound and abdominal injury remained improperly treated, presenting a substantial risk of infection;

   b. Lack of proper medical care and antibiotics caused Plaintiff's MRSA infection to reassert itself, threatening Plaintiff's health;

   c. Lack of proper medical attention caused Plaintiff's medical condition to deteriorate significantly.

76. The County Defendants were deliberately indifferent to the substantial risk to Plaintiff's safety, to wit:

11

  a. The County Defendants learned of Plaintiff's medical condition when he entered the custody of the Cook County Sherriff;

  b. The County Defendants were repeatedly notified by Plaintiff that he needed medical care for his injuries;

  c. The County Defendants intentionally, willfully, and wantonly ignored Plaintiff's repeated requests for medical attention as well as orders of the Court.

77. The County Defendants' deliberate indifference to Plaintiff's medical needs in violation of his rights under the Fourteenth Amendment resulted in a significant and lasting harm to Plaintiff's health and well being.

WHEREFORE, Plaintiff TYWON POSEY demands judgment individually, jointly, and severally against as-yet-unknown employees of the Cook County Sherriff's Department, in their individual capacities, the COOK COUNTY SHERRIFF'S DEPARTMENT, and the COUNTY OF COOK for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants named in their individual capacity; attorney's fees and costs; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count V – Malicious Prosecution in Violation of Illinois Law

78. This Count is alleged against defendants PRUGER, KEANEY, LOPEZ, MUELLER, CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO only.

79. Plaintiff incorporates by reference paragraphs 1–36.

80. While acting individually, jointly, and severally, the City Defendants instituted, caused to be instituted, and perpetuated criminal proceedings against Plaintiff for the crime of Possession of a Controlled Substance with Intent to Distribute.

81. The prosecution terminated in Plaintiff's favor when the charges were dropped by the State's Attorney's Office.

82. The initiation of the prosecution was not supported by probable cause.

83. Defendants acted maliciously, willfully and wantonly, and in callous disregard for Plaintiff's rights by fabricating evidence and reports, false testimony, and withholding material exculpatory evidence from the trial court and the prosecution.

84. Defendants' actions were unrelated to any lawful employment-related purpose.

85. Defendants' actions directly and proximate resulted in Plaintiff's wrongful detention for nearly nine months, as well as attendant injuries including but not limited to inability to receive proper medical treatment, physical pain and suffering, loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff TYWON POSEY demands judgment jointly and severally against PRUGER, KEANEY, LOPEZ, and MUELLER in their individual capacity, the CHICAGO POLICE DEPARTMENT, and the CITY OF CHICAGO for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants named in their individual capacity; attorney's fees and costs; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count VI – False Arrest in Violation of Illinois Law

86. This Count is alleged against defendants PRUGER, KEANEY, LOPEZ, MUELLER, CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO only.

87. Plaintiff incorporates by reference paragraphs 1–36.

88. Defendants restrained and arrested Plaintiff on June 13, 2009.

89. Defendants acted without reasonable grounds or probable cause to believe that a traffic offense was committed by the Plaintiff.

90. Defendants' actions directly and proximate resulted in Plaintiff's wrongful detention for nearly nine months, as well as attendant injuries including but not limited to inability to receive proper medical treatment, physical pain and suffering, loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff TYWON POSEY demands judgment jointly and severally against PRUGER, KEANEY, LOPEZ, MUELLER in their individual capacity, the CHICAGO POLICE DEPARTMENT, and the CITY OF CHICAGO for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants named in their individual capacity; attorney's fees and costs; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count VII – Indemnification

91. Plaintiff incorporates by reference paragraphs 1–53 and Counts I–VI.

92. Plaintiff alleges this Count against Defendant CITY OF CHICAGO and COUNTY OF COOK only.

93. In committing the acts alleged in this Complaint, all individually named Defendants were at all times employed by and officers of the CITY OF CHICAGO or the COUNTY OF COOK, and were acting as the agents of the CITY OF CHICAGO or the COUNTY OF COOK.

94. In committing the actions alleged in this Compliant, all individually named Defendants acted in violation of statutory or constitutional law or in excess of their authority as agents of the CITY OF CHICAGO or the COUNTY OF COOK.

95. Under 745 Ill. Comp. Stat. 10/9-102, public entities are directed to indemnify their employees for any and all tort judgments for damages for which their employees are liable.

96. As a direct and proximate cause of Defendants' actions, Plaintiff suffered injuries including but not limited to inability to receive proper medical treatment, physical pain and suffering, loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff TYWON POSEY demands judgment against the CITY OF CHICAGO and the COUNTY OF COOK for damages adjudged against the other named defendants, including but not limited to actual and compensatory damages; attorney's fees and costs; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Jury Demand

97. Plaintiff demands trial by jury on all claims for which he is entitled to trial by jury.

WHEREFORE, Plaintiff TYWON POSEY demands judgment jointly and severally against ROCCO PRUGER in his individual capacity, (FIRST NAME UNKNOWN) KEANEY in his individual capacity, TODD MUELLER # 15562, in his individual capacity, (FIRST

NAME UNKNOWN) LOPEZ # 15739 in his individual capacity, as-yet-unknown employees of the Chicago Police Department, in their individual capacities, as-yet-unknown employees of the Cook County Sherriff's Department, in their individual capacities, the COOK COUNTY SHERRIFF'S DEPARTMENT, the COUNTY OF COOK, the CHICAGO POLICE DEPARTMENT and the CITY OF CHICAGO for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants named in their individual capacity; attorney's fees and costs; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

        Respectfully submitted,

        /s/Holly Blaine

        HOLLY BLAINE
        LAW OFFICE OF R.M. STEPHENSON
        1029 Lake Street, Suite 202
        Oak Park, IL 60301

        Attorney for the Plaintiff

Dated: June 9, 2010