IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYWON POSEY, | ) |
|       Plaintiff, | ) |
| v. | ) NO. 10 C 3574 |
| | ) HON. ELAINE E. BUCKLO |
| OFFICER ROCCO PRUGER, | ) Judge Presiding |
| OFFICER ANTHONY KEANY, | ) |
| OFFICER TODD MUELLER, | ) MAGISTRATE JUDGE DENLOW |
| OFFICER JOSEPH LOPEZ, | ) |
| UNKNOWN EMPLOYEES OF COOK COUNTY | ) |
| SHERIFF'S DEPARTMENT, | ) |
| COOK COUNTY SHERIFF'S DEPARTMENT, | ) |
| CHICAGO POLICE DEPARTMENT, and | ) |
| CITY OF CHICAGO, | ) |
|       Defendants. | ) |

## DEFENDANT CHICAGO POLICE DEPARTMENT'S AND CITY OF CHICAGO'S JOINT MOTION TO DISMISS

Defendant Chicago Police Department ("Defendant CPD") and Defendant City of Chicago ("Defendant City"), by their attorney, Jonathan Clark Green, Senior Corporation Counsel of the City of Chicago, respectfully and jointly move this honorable Court to dismiss Defendant CPD from all Counts of Plaintiff's Complaint as an improperly named defendant, and to dismiss Defendant City from Plaintiff's federal Counts I through III of Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

1. In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint will be accepted as true, and the court draws all inferences in a light most favorable to the plaintiff. *White v. City of Markham*, 310 F.3d 989, 992 (7th Cir. 2002); *see also Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). In considering these facts, a court is "not required 'to ignore any facts set forth in the complaint that undermine the

1

plaintiff's claim or assign any weight to unsupported conclusions of law.'" *City National Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted).

    2. Defendant CPD must be dismissed from all counts of Plaintiff's Complaint as the Chicago Police Department is not an entity that has legal capacity to be sued, but rather is a department within the organizational structure of the City of Chicago, another Defendant already named in Plaintiff's Complaint. *See, e.g., Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991) (holding that the Chicago Police Department is not a suable entity); *Jordan v. City of Chicago, Department of Police*, 505 F. Supp. 1, 3-4 (N.D. Ill. 1980) (striking the Department of Police as a party defendant); *Bonilla v. City Council of City of Chicago*, 809 F. Supp. 590, 601 (N.D. Ill. 1992) (holding that the City Council, like the Chicago Police Department and the Chicago Department of Streets and Sanitation, is not a suable entity).

    3. Furthermore, Defendant City must be dismissed from the federal law-based Counts I though IV of Plaintiff's Complaint, because Plaintiff has failed to state a cognizable claim against it. Plaintiff alleges in his Counts I though III that his Constitutional rights were violated by the conduct of individual Chicago Police Officers. Since the Plaintiff is asserting claims in those counts under 42 U.S.C. § 1983, Defendant City should be dismissed in regard to these claims because a municipality cannot be liable under section 1983 pursuant to a *respondeat superior* theory. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). "A municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). As Plaintiff seeks to hold Defendant City liable for the alleged conduct of its employees solely on a theory of *respondeat superior*, his federal claims against the City should be dismissed.

WHEREFORE, Defendant CPD and Defendant City respectfully and jointly request this Honorable Court to enter an order dismissing Defendant CPD from all counts in Plaintiff's Complaint, and to enter an order dismissing Defendant City from the federal counts I through III of Plaintiff's Complaint.

                             Respectfully submitted,

                             **/s/ Jonathan Clark Green_____**
                             Jonathan Clark Green
                             Senior Corporation Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0226
Attorney No. 06193934