IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYWON POSEY, | ) |
|               Plaintiff, | ) |
| v. | ) |
| OFFICER ROCCO PRUGER, OFFICER ANTHONY KEANY, OFFICER TODD MUELLER, OFFICER JOSEPH LOPEZ, UNKNOWN EMPLOYEES OF COOK COUNTY SHERIFF'S DEPARTMENT, COOK COUNTY SHERIFF'S DEPARTMENT, CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) Case No. 10-cv-3574 ) ) Magistrate Judge Morton Denlow ) |
|               Defendants. | ) |

**CITY DEFENDANTS' JOINT MOTION TO DISMISS
COUNTS I AND III OF PLAINTIFF'S COMPLAINT**

Defendants City of Chicago, Officer Rocco Pruger, Officer Anthony Keany, Officer Todd Mueller, and Officer Joseph Lopez (collectively, "Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure request this Court to enter an order dismissing Counts I and III of the Complaint ("Complaint") for failure to state a claim. In support of this motion, Defendants state as follows:

**INTRODUCTION**

Plaintiff Tywon Posey ("Plaintiff") has sued the Defendants for various civil rights and state law claims arising from his traffic stop and prosecution for drug offenses. (Compl. ¶¶ 11-36 (ECF No. 1).) The Complaint purports to plead six counts against the Defendants. (*Id.* ¶¶ 54-96.) But two of these counts—Count I advancing a "*Newsome* Claim" under the Fifth and Fourteenth Amendments, and Count III advancing an "Unlawful Prosecution

Claim" under the Fourth Amendment—fail to state a claim and must therefore be dismissed. (*Id.* ¶¶ 54-59, 65-72.)[1]

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive dismissal, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In resolving a 12(b)(6) motion, a court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

To meet Rule 8(a)(2)'s requirements, the complaint must provide the defendant fair notice of the claims and the grounds upon which it rests. *Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007); *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197 (2007)). Also, the complaint's well-pleaded factual allegations must rise above the "speculative" level—that is, not be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim"—and not state abstract recitations of the elements of a cause of action or conclusory legal statements. *Id.* A court

---

[1] In this motion, Defendants move to dismiss for the reasons first raised in their answer. (City Defs.' Ans. 23-24 (ECF No. 31).) Under Rule 19(h)(2), "[f]ailure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a)." Since Rule 12(b) states a motion "must be made before pleading if a further pleading is permitted," the Court may evaluate this motion identically as a motion for judgment on the pleadings under Rule 12(c). *Lanigan v. Vill. of E. Hazel Crest, Illinois*, 110 F.3d 467, 470 n.2 (7th Cir. 1997).

should consider the complexity of the case when addressing whether a complaint makes plausible allegations. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

## ARGUMENT

Counts I and III of Plaintiff's Complaint fail to plead valid claims and the factual grounds upon which they may rest. In Count I, Plaintiff has alleged an incognizable Section 1983 claim under substantive due process of the Fifth and Fourteenth Amendments. In Count III, Plaintiff has attempted to plead a state law claim for malicious prosecution as a Section 1983 claim under the Fourth Amendment. Therefore, Counts I and III fail to state a claim and must be dismissed.

### I. COUNT I MUST BE DISMISSED BECAUSE IT FAILS TO STATE AN ACTIONABLE SECTION 1983 CLAIM UNDER SUBSTANTIVE DUE PROCESS OF THE FIFTH AND FOURTEENTH AMENDMENTS.

In Count I, Plaintiff attempts to plead a "*Newsome* Claim," alleging violations of his substantive due process rights under the Fifth and Fourteenth Amendments. (Compl. ¶¶ 54-59.) But Count I fails to state a claim because: 1) the Due Process Clause of the Fifth Amendment applies only to acts of the federal government; 2) the alleged violation of due process under the Fourteenth Amendment is subsumed by claims for Fourth Amendment false arrest and state law malicious prosecution; and 3) the *Brady*-type allegations fail to identify any withheld material exculpatory evidence.

#### A. Count I Fails to State a Claim Because the Due Process Clause of the Fifth Amendment Applies Only to Acts of the Federal Government.

First in Count I, Plaintiff attempts to plead a Section 1983 because Defendants violated his right to due process under the Fifth Amendment. (Compl. ¶ 57.) The Due Process Clause of the Fifth Amendment, however, applies only to acts of the federal government and does not limit actions of state officials. *Barron ex rel. Barron v. Baltimore*, 32 U.S. (7 Pet.) 243, 250-51 (1833); *Caldwell v. Miller*, 790 F.2d 589, 602 (7th Cir. 1986). As

alleged in the Complaint, Defendants are not federal entities or officials. (Compl. ¶¶ 5-10.) Therefore, Count I must be dismissed for failure to state an actionable claim because the constitutional right allegedly infringed does not apply to these Defendants.

> B. Count I Fails to State a Claim Because the Alleged Violation of Due Process Under the Fourteenth Amendment Is Subsumed by Fourth Amendment False Arrest and State Law Malicious Prosecution Claims.

Also in Count I, Plaintiff attempts to plead a Section 1983 because Defendants violated his right to due process under the Fourteenth Amendment. (Compl. ¶ 57.) In particular, Plaintiff alleges that Defendants violated his due process rights by "withholding material exculpatory evidence" and "testifying falsely." (*Id.*) He also claims the Defendants "falsely charged or caused Plaintiff to be charged with and prosecuted for the crime" and "initiated charges" against him. (*Id.* ¶ 56.) These allegations consist of nothing more than a hybrid of his Fourth Amendment false arrest claim (Count II) and his state law malicious prosecution claim (Count V).

In *Newsome v. McCabe*, the Seventh Circuit found that a claim of deprivation of liberty from a prosecution is "in essence" a claim for malicious prosecution, but not a due process violation. 256 F.3d 747, 751 (7th Cir. 2001). The existence of a state law remedy for malicious prosecution foreclosed any federal constitutional remedy under the guise of "due process." *Id.* Later in *McCann v. Mangialardi*, the Seventh Circuit explained that "a substantive due process claim may not be maintained when a specific constitutional provision (here the Fourth Amendment) protects the right allegedly violated." 337 F.3d 782, 786 (7th Cir. 2003). "In sum, [the plaintiff] cannot do an end run around the foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Id.*; *accord Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) (upholding dismissal of due process claims).

Indeed, the Seventh Circuit recently found allegations—which are nearly identical with those in issue—as "nothing more than a hybrid of his Fourth Amendment false arrest and state law malicious prosecution claims, and accordingly, the due process claim is barred." *Fox v. Hayes*, 600 F.3d 819, 832 (7th Cir. 2010). The complaint in *Fox* alleged "the defendants violated [plaintiff's] due process rights when they 'deliberately fabricated false statements and deliberately obstructed justice, thereby causing the false arrest of [plaintiff], causing him to be falsely imprisoned and prosecuted . . . .' They also allege that the defendants 'provided false allegations' and 'withheld exculpatory evidence.'" *Id.*

As in *McCann*, *Brooks*, and *Fox*, Count I alleges nothing more than a hybrid of his Fourth Amendment false arrest claim from Count II and his state law malicious prosecution claim from Count V. Because Plaintiff's two latter claims subsume his due process claim under the Fourteenth Amendment, Count I must be dismissed.

### C. Count I Fails to State a Claim Because the Allegations, Which Purport to Plead a *Brady*-Type Due Process Claim, Do Not Identify Any Withheld Material Exculpatory Evidence.

Finally in Count I, Plaintiff purports to plead a *Brady*-type due process claim but fails to identify any withheld material exculpatory evidence. To establish a *Brady*-type due process claim, which *Newsome* recognized, "a plaintiff must demonstrate that (1) the evidence at issue is favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued." *Parish v. City of Chicago*, 594 F.3d 551, 554 (7th Cir. 2009) (quotations omitted).

However, "a lying witness is certainly not a *Brady* violation." *Carvajal v. Dominguez*, 542 F.3d 561, 567 (7th Cir. 2008). The scope of *Brady* does not provide relief to a plaintiff where officers make false statements or falsify reports and charges. *See id.*; *Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003), *overruled in part on other grounds by Wallace v.*

*City of Chicago*, 440 F.3d 421 (7th Cir.2006) (finding no *Brady* violation where detectives testified falsely). "The Constitution does not require that police testify truthfully; rather 'the constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies.'" *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006) (citing *Buie v. McAdory*, 341 F.3d 623, 625-26 (7th Cir. 2003)).

In Count I, Plaintiff's only well-pleaded allegations state that Defendants have violated his due process rights "by testifying falsely about the circumstances surrounding Plaintiff's arrest on June 13, 2009." (Compl. ¶ 57.)[2] As explained in *Carvajal*, *Gauger*, and *Sornberger*, such accusations cannot establish a *Brady*-type due process claim. Therefore, Count I does not state a claim, so it must be dismissed.

## II. COUNT III MUST BE DISMISSED BECAUSE IT FAILS TO STATE AN ACTIONABLE SECTION 1983 CLAIM FOR MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT.

In Count III, Plaintiff attempts to plead a malicious prosecution claim as a Section 1983 claim under the Fourth Amendment.[3] "[T]here is no constitutional right not to be prosecuted without probable cause," and a plaintiff cannot "state a section 1983 claim simply by showing that he was wrongly prosecuted." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 683 (7th Cir. 2007). To be clear, "our well-settled rule that the interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects." *Bielanski v. County of Kane*, 550 F.3d 632, 638 (7th Cir. 2008) (quotations omitted). "If the prosecution is then deemed malicious, it is not a constitutional tort unless the state

---

[2] Also, Plaintiff declaims that Defendants "withh[eld] material exculpatory evidence from the court, prosecuting officers, and defense counsel before Plaintiff's trial." (Compl. ¶ 57.) But under Rule 8(a)(2)'s requirements, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir. 2009).

[3] Plaintiff references his right under the Fourteenth Amendment, presumably to introduce the doctrine of selective incorporation for his Fourth Amendment claim, but not to assert an independent claim under the Fourteenth Amendment. (Compl. ¶ 70.)

provides no remedy for malicious prosecution." *Id.* (quotations omitted); *accord Newsome*, 256 F.3d at 750 ("[T]he existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution.") And Illinois recognizes a tort remedy for malicious prosecution. *E.g.*, *Feazle v. Simpson*, 2 Ill. 29, 1 Scam. 29 (1832); *Swick v. Liautaud*, 662 N.E.2d 1238, 1242, 169 Ill. 2d 504, 512 (1996)

Count III's allegations that Defendants "initiate[d] and perpetuate[d] criminal proceedings against Plaintiff without probable cause" are nothing more than a malicious prosecution claim. (Compl. ¶ 69.)[4] Indeed, Plaintiff has repeated the allegations in Count V for "Malicious Prosecution in Violation of Illinois Law." (*Id.* ¶ 80.) Because Count III alleges a malicious prosecution claim, which is not an interest the Fourth Amendment protects, it does not state a claim and therefore must be dismissed.

---

[4] If Count III purports to plead a constitutional violation that occurred before trial, it would stem from his arrest and detention awaiting trial. A claim this arrest was done based on improper evidence is tantamount to saying the seizure was without probable cause. This places the claim squarely under the Fourth Amendment, which Plaintiff has pleaded in Count II. *See Johnson v. Saville*, 575 F.3d 656, 664 (7th Cir. 2009).

## CONCLUSION

**WHEREFORE**, for the reasons stated above, Defendants City of Chicago, Officer Rocco Pruger, Officer Anthony Keany, Officer Todd Mueller, and Officer Joseph Lopez respectfully request this Court enter an order dismissing Counts I and III of Plaintiff's Complaint with prejudice.

Dated: October 28, 2010

Respectfully submitted,

By: /s/ Jonathan Clark Green
    JONATHAN CLARK GREEN
    Senior Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
*t* (312) 744-0226
*f* (312) 744-6566
*e* jonathangreen@cityofchicago.org
Atty. No. 06193934