IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYWON POSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-3574 |
| | ) | |
| OFFICER ROCCO PRUGER, | ) | Magistrate Judge Morton Denlow |
| OFFICER ANTHONY KEANY, | ) | |
| OFFICER TODD MUELLER, | ) | |
| OFFICER JOSEPH LOPEZ, | ) | |
| UNKNOWN EMPLOYEES OF COOK | ) | |
| COUNTY SHERIFF'S DEPARTMENT, | ) | |
| COOK COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| CHICAGO POLICE DEPARTMENT, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT
CHICAGO POLICE DEPARTMENT AND CITY OF CHICAGO'S
JOINT MOTION TO DISMISS**

Now comes the plaintiff, TYWON POSEY, by and through his attorney, Holly Blaine, and responds to defendant CHICAGO POLICE DEPARTMENT (CPD) and CITY OF CHICAGO's (City) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Introduction**

CPD moves to dismiss the Complaint entirely on the ground that it has no independent legal existence apart from the City and therefore cannot be joined as a party in this suit. CPD does not offer any binding or persuasive legal argument on this point and its motion should therefore be denied. The City moves to dismiss Counts I through IV of the Complaint as to itself on the grounds that it cannot be liable for the actions of the other defendants under a theory of respondeat superior. Because the City's liability in this case is not predicated on respondeat superior, its motion should be denied.

1

**Argument**

In order to properly state a claim, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). When evaluating a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts as alleged, and drawing all possible inferences in [the plaintiff's] favor. See *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). This standard is satisfied where "the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

CPD argues that it cannot be held liable because it does not have the legal capacity to be sued. However, the only legal authority that CPD cites in support of this proposition are a string of district court cases, which are not binding legal precedent for this court. See *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991); *Jordan v. City of Chicago*, 505 F. Supp. 1, 3-4 (N.D. Ill. 1980); *Bonilla v. City Council of Chicago*, 809 F. Supp. 590, 601 (N.D. Ill. 1992). However, none of these cases contains any legal analysis regarding why CPD must be dismissed. Instead, they merely cite to previous district court cases for that proposition. Each of those cases in turn cites to previous cases, again without legal analysis. See, e.g., *Chan*, 777 F. Supp. at 1142 (citing *Reese v. Chicago Police Department*, 602 F. Supp. 441, 443 (N.D. Ill. 1984)). This proposition can be traced back through the cases in this way, without analysis in each, to the case of *Dr. Martin Luther King, Jr. Movement v. City of Chicago*, 435 F. Supp. 1289, (N.D. Ill. 1977), which is itself a non-binding district court case. Surprisingly, King contains no analysis whatsoever on the proposition that CPD is not a suable entity,

merely asserting without citation or analysis that the City of Chicago's Department of Streets and Sanitation has no independent legal existence. See *id.* at 1294. This conclusory statement, which is not even about CPD, is insufficient to support CPD's argument that there is no legal basis for including it as a party in this suit. CPD's motion to dismiss should therefore be denied.

The City argues that it should be dismissed from Counts I through IV, which are federal civil rights claims, because it cannot be liable for the actions of individual officers on a theory of respondeat superior. See *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). *Monell* does not apply to this case, however, because the Complaint does not allege that the City is liable based on respondeat superior. Instead, the Complaint alleges that the City is the indemnifying entity for CPD and its officers pursuant to 745 ILCS 10/9-102 (West 2008). (Compl. para. 10). Federal Rule of Civil Procedure 19(a) requires that a party be joined to an action where either "in that person's absence, the court cannot accord complete relief among existing parties," or disposing of the action in their absence would impair their right to protect their interest. Because the City is liable for indemnification in the event that plaintiff is successful, the City's interests are implicated and it is a necessary party to this action. As a result, the City's motion to dismiss should be denied.

## Conclusion

For the reasons stated above, plaintiff asks that this Court deny CPD and the City's joint motion to dismiss.

Respectfully submitted,

/s/     Holly N. Blaine
HOLLY BLAINE
R.M. STEPHENSON, LLC
1029 Lake Street, Suite 202
Oak Park, Illinois 60301

Attorney for the Plaintiff

DATED: Nov. 30, 2010