**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYWON POSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-3574 |
| | ) | |
| OFFICER ROCCO PRUGER, | ) | Magistrate Judge Morton Denlow |
| OFFICER ANTHONY KEANY, | ) | |
| OFFICER TODD MUELLER, | ) | |
| OFFICER JOSEPH LOPEZ, | ) | |
| UNKNOWN EMPLOYEES OF COOK | ) | |
| COUNTY SHERIFF'S DEPARTMENT, | ) | |
| COOK COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| CHICAGO POLICE DEPARTMENT, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO CITY DEFENDANTS' JOINT MOTION TO DISMISS**
**COUNTS I AND III OF PLAINTIFF'S COMPLAINT**

Now comes the Plaintiff, TYWON POSEY, by and through his attorney HOLLY BLAINE, and

responds to Defendants City of Chicago, Officer Rocco Pruger, Officer Anthony Keany, Officer Todd

Mueller, and Officer Joseph Lopez (collectively, "Defendants") motion to dismiss counts I and III of

the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**<u>Introduction</u>**

Defendants limit their motion to dismiss to Counts I and III of the Complaint. Count I states a

"*Newsome* claim" pursuant to the Fifth and Fourteenth Amendments. Count III states a claim for

unlawful prosecution under the Fourth Amendment. These claims have been recognized as cognizable

legal claims by binding precedent in the Seventh Circuit. Accordingly, the Complaint states a claim

upon which relief can be granted and Defendants' motion should be denied.

1

## Argument

In order to properly state a claim, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). When evaluating a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts as alleged, and drawing all possible inferences in [the plaintiff's] favor. See *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). This standard is satisfied where "the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## I.      COUNT I STATES A COGNIZABLE LEGAL CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS.

Count I states a "*Newsome*" claim, which has been recognized as a valid civil rights claim since the seminal case of *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). In *Newsome*, the plaintiff was wrongfully convicted and spent 15 years in prison because the police officers who investigated his case failed to disclose to the prosecutor that they had coached witnesses to identify the plaintiff and that fingerprints from the crime scene did not match those of the plaintiff. See *id.* at 749. The Seventh Circuit held that the plaintiff had a viable due process claim under the Fourteenth Amendment because the prosecutors (through the police officers) withheld material exculpatory evidence from the defense. See *id.* at 752. This type of constitutional tort has been well recognized for over 30 years. See *id.* (citing *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 2000), and *Jean v. Collins*, 221 F.3d 656 (4th Cir. 2000)).

2

The elements of a *Newsome* claim are also well established. In order to plead a due process claim, "a plaintiff must demonstrate that '(1) the evidence at issue is favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued. . ." *Parish v. City of Chicago*, 594 F.3d 551, 554 (7th Cir. 2009) (quoting *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008)). Here, the Complaint pleads each element of the *Newsome* claim as articulated by the Seventh Circuit.

In simple summary, the Complaint alleges that Defendants' stopped and searched plaintiff without probable cause, and then lied about and failed to disclose the true facts surrounding plaintiff's arrest. First, the Complaint alleges that Defendants stopped and searched plaintiff without probable cause, consent, or a warrant. (Compl. paras. 14-15, 17-19, 22-24.). The lack of probable cause to search, seize, or arrest plaintiff is favorable evidence to plaintiff. Because no legal basis existed to stop or search plaintiff, there was no legal basis to initiate any sort of legal charges against plaintiff, which falls within the category of exculpatory evidence. Moreover, the true facts surrounding the arrest were impeachment evidence because they are directly contrary to defendants' later testimony.

Second, the Complaint alleges that defendants willfully suppressed the true facts of plaintiff's arrest. (Compl. paras. 29-32, 56-57). Defendants were aware of the truth about plaintiff's arrest, yet they did not disclose the truth to prosecutors, defense counsel, or the court. They further suppressed the evidence by testifying falsely at two separate evidentiary hearings. Although it was the police officers and not the prosecutors who suppressed material evidence, this fact is irrelevant to stating a due process *Newsome* claim. See *Newsome*, 256 F.3d at 752.

Third, the Complaint alleges that plaintiff was prejudiced by defendants' actions. (Compl. paras. 56©, 57©). Had defendants promptly disclosed to prosecutors that they did not have probable

cause to arrest plaintiff, then prosecutors would neither have initiated charges against plaintiff nor continued the case against him for over 10 months. Indeed, when defendants were finally confronted in open court and it became evident that they had not testified truthfully, prosecutors did in fact terminate the case against plaintiff. (Compl. paras. 32-35).

Because the Complaint properly alleges each and every element of a due process violation pursuant to *Newsome*, the Complaint states a cognizable legal claim against Defendants. Consequently the court should deny defendants' motion to dismiss Count I.

Defendants raise three arguments in their motion in an attempt to defeat plaintiff's claim. However, each of these arguments is founded on a misreading of either controlling case law or the Complaint.

First, Defendants argue that Count I is brought under the Due Process Clause of the Fifth Amendment, and that the Fifth Amendment only applies to federal officials. Defendants misread the Complaint, which clearly states that the Defendants "violated Plaintiff's right to due process, protected under the Fifth *and Fourteenth* Amendments". (Compl. para. 57). Moreover, the U.S. Supreme Court has clearly stated that the Fifth Amendment's Due Process Clause has been incorporated and applies to state and local officials. See *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3034-35 & nn.12-13 (2010). Defendants first argument is therefore simply wrong.

Second, Defendants argue that plaintiff's due process claim is "subsumed" by his Fourth Amendment false arrest and state malicious prosecution claims, relying on *Newsome* itself for this proposition. Again, defendants misread the law. The oft-cited (and also oft-misinterpreted) holding of *Newsome* is that there is no federal claim under the Due Process Clause of the Fourteenth Amendment for malicious prosecution. See *Newsome*, 256 F.3d at 751 (noting that a state law malicious prosecution remedy "knocks out any constitutional claim for malicious prosecution"). This holding of

4

*Newsome* has no import whatsoever for Count I, because *Newsome* also explicitly held that a plaintiff can in fact state a claim for a due process violation where the state withholds material exculpatory evidence, which is a different type of claim than a malicious prosecution claim and which requires proof of different elements. See *Newsome*, 256 F.3d at 752. In making their argument, defendants have conflated a *Newsome* claim as pled in Count I with a malicious prosecution claim. Indeed, defendants' arguments are more applicable to Count III, a federal unlawful prosecution claim, but as is discussed below those arguments also are unavailing for Count III. See *infra* Part II.

The cases that defendants cite in support of their argument are readily distinguishable. In *McCann v. Mangialardi*, 337 F.3d 782, 783-84 (7th Cir. 2003), the plaintiff asserted both a Fourth Amendment false arrest claim and a Fourteenth Amendment due process claim, alleging that a federal informant had planted evidence in his vehicle. The Seventh Circuit affirmed the district court's grant of summary judgment, noting that the evidence adduced in discovery showed that the defendant police officer was unaware that the evidence had been planted until long after the case had been initiated. See *id.* at 789-90. Consequently, there could be no violation of the plaintiff's due process rights because the defendant did not knowingly withhold any evidence. See *id.*

It should first be noted that, again, defendants conflate the proper analysis for a *Newsome* due process claim with the analysis for a malicious prosecution claim under the Fourth Amendment. The portion of *McCann* that defendants selectively quote relate only to one of that plaintiff's due process Fourteenth Amendment claims, which are more properly analyzed under the Fourth Amendment. See *id.* at 786 (directing the reader to section II(B) of the court's opinion). Regardless, *McCann* is distinguishable. Unlike *McCann*, here the complaint alleges that defendants were aware of the truth surrounding plaintiff's arrest before they initiated the charges against him. Additionally, *McCann* is a summary judgment case. At this stage in litigation, all well-pleaded facts in the Complaint must be

5

taken as true. Based on the Complaint's allegations, there are sufficient facts to demonstrate that defendants' violated plaintiff's due process rights by knowingly withholding exculpatory and impeaching evidence.

*Fox v. Hayes*, 600 F.3d 819 (7th Cir. 2010), is likewise distinguishable. In *Fox*, the plaintiff brought a due process claim that essentially alleged that the defendants had fabricated evidence against him and framed him for murder. See *id.* at 825, 841. The Seventh Circuit reversed, finding that the allegations were "nothing more than a hybrid of [plaintiff's] Fourth Amendment false arrest and state law malicious prosecution claims." *Id.* at 841. This is not the case here. Unlike *Fox*, the due process violation at the heart of Count I is that defendants failed to come forward to prosecutors and the court with exculpatory evidence, not that defendants fabricated evidence in order to falsely prosecute plaintiff (which is dealt with in Count III) or falsely arrest plaintiff (which is dealt with in Count II). Unlike *Fox*, Count I alleges a free-standing violation of plaintiff's due process rights under the Fourteenth Amendment, a claim that has been recognized as cognizable by several courts.

*Brooks v. City of Chicago*, 564 F.3d 830 (7th Cir. 2009) is also distinguishable. In *Brooks*, the plaintiff's due process claim was for defendants "not disclosing known exculpatory evidence, perjuring themselves, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial." *Id.* at 833. The Seventh Circuit affirmed dismissal of the claim. See *id.* Although on the surface Brooks appears to be analogous to Count I here, it is readily distinguishable based on the Seventh Circuit's reasoning. The Seventh Circuit noted that "Brooks' complaints about the conduct of the defendant officers leading to his 2004 arrest are merely improper attempts to recast his untimely unlawful arrest claim as a due process claim. As for Brooks's allegations that criminal proceedings were instituted against him based on false evidence or testimony, such a claim is, in essence, one for malicious prosecution, rather than a due process

6

violation." *Id.* (citation omitted) (quotation marks omitted). Unlike *Brooks*, Count I does not allege that plaintiff's due process rights were violated by his arrest or the initiation of charges themselves. Rather, defendants violated the Fourteenth Amendment by failing to disclose evidence that they knew was exculpatory or impeaching. See *Newsome*, 256 F.3d at 752; *Ienco v. City of Chicago*, 286 F.3d 994, 998-999 (7th Cir. 2002). In contrast to the violations at issue in *Brooks*, which are properly violations of the Fourth Amendment (discussed in Part II *infra*), the specific conduct alleged by Count I is a violation of due process and is a cognizable claim under the Fourteenth Amendment.

Defendants' third and final argument against Count I is that it does not specifically identify any material exculpatory evidence that defendants withheld. As previously discussed above, the Complaint thoroughly pleads each element of a valid *Newsome* claim in sufficient detail. See *Parish*, 594 F.3d at 554. Although defendants argue that the Complaint only alleges that defendants testified falsely, this is not true. Count I is based on defendants' failure to come forward with exculpatory or impeaching evidence, and the fact that defendants testified falsely is merely one portion of the allegations against them.

Because the Complaint properly alleges a *Newsome* due process claim under the Fourteenth Amendment, which is a cognizable legal claim, the Complaint adequately states a claim upon which relief can be granted. Accordingly, defendants' motion should be denied as to Count I.

## II.    COUNT III STATES A COGNIZABLE LEGAL CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AMENDMENT.

Count III states a claim for unlawful prosecution in violation of the Fourth Amendment. In order to state a federal claim for unlawful prosecution, a plaintiff must allege not only all of the elements of a state law malicious prosecution claim but also the concurrent infringement of a constitutional right. See, e.g., *Gilbert v. N.C. State Bar*, 678 S.E.2d 602, 608-10 & n.5 (N.C. 2009) (collecting cases). "[A]ll [federal] circuits agree that a plaintiff must show that the alleged malicious

prosecution infringes on a constitutional right," and it is the "*Fourth Amendment* that was drafted to address 'deprivations of liberty that go hand in hand with criminal prosecutions." *Id.* at 608-10.

Here, the Complaint alleges that defendants seized, searched, and arrested plaintiff without probable cause (Compl. paras. 14-24), which is a violation of the Fourth Amendment, and caused plaintiff to be detained and prosecuted without probable cause by swearing out a false criminal complaint and testifying falsely at his preliminary hearing (Compl. para. 29). The Complaint therefore alleges not only all of the elements of malicious prosecution but the additional element of violation of the Fourth Amendment. Consequently, Count III states a claim for unlawful prosecution in violation of the Fourth Amendment.

Defendants focus on the Complaint's concurrent state law claim for malicious prosecution (Count V), arguing that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *Newsome*, 256 F.3d at 750-51. This is indeed the primary holding of *Newsome*, and this language has engendered significant confusion in later cases. However, *Newsome* held only that there is no constitutional claim for malicious prosecution under the Due Process Clause of the Fourteenth Amendment. See *id*. *Newsome* did not hold that such a claim could never exist under another constitutional theory, and indeed *Newsome* noted that "if a plaintiff can establish a violation of the fourth (or any other) amendment there is nothing but confusion to be gained by calling the legal theory " 'malicious prosecution.' " *Id.* at 751. Defendant misreads *Newsome* as foreclosing a Fourth Amendment claim, which is what Count III alleges.

Contrary to defendants' argument, the Seventh Circuit has specifically stated that a claim such a this is cognizable. The Seventh Circuit explained this portion of *Newsome* in *Johnson v. Saville*, 575 F.3d 656, 663-64 (7th Cir. 2009), addressing a very similar argument as defendants' as follows: "[The plaintiff] over-reads *Newsome* as foreclosing his federal claim. We held in that case that the 'due

8

process clause' does not support a constitutional tort of malicious prosecution if state law provides a parallel remedy.  *Newsome* left open the possibility of a Fourth Amendment claim against officers who misrepresent evidence to prosecutors, provided that the statute of limitations for such a claim has not expired.  Circuit precedent did not necessarily prevent [the plaintiff] from bringing a Fourth Amendment claim based on [the defendant's] allegedly false report to the State's Attorney and grand jury testimony."  The Seventh Circuit recently reaffirmed this point in *Parish*.  See 594 F.3d at 554.

Unlike the situations in *Parish*, *Johnson*, *Newsome*, and a host of other cases in which the plaintiffs attempted to allege federal malicious prosecution claims under the Due Process Clause, plaintiff in the instant case correctly brings Count III under the Fourth Amendment.  Because the Complaint alleges a violation of the Fourth Amendment in addition to the traditional elements of malicious prosecution, the Complaint adequately states a claim for unlawful prosecution in violation of the Fourth Amendment.  Consequently, defendants' motion to dismiss should be denied as to Count III.

### Conclusion

For the reasons stated above, Counts I and III of the Complaint adequately allege cognizable legal claims against defendants upon which relief can be granted.  As a result, defendants' motion to dismiss Counts I and III should be denied.

Respectfully submitted,


/s/      Holly N. Blaine
HOLLY BLAINE
R.M. STEPHENSON, LLC
1029 Lake Street, Suite 202
Oak Park, Illinois 60301

Attorney for the Plaintiff

DATED: Nov. 30, 2010