**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TYWON POSEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | **Case No. 10 C 3574** |
| v. ) | |
| ) | **Magistrate Judge Morton Denlow** |
| OFFICER ROCCO PRUGER, ) | |
| OFFICER ANTHONY KEANEY, ) | |
| OFFICER TODD MUELLER, ) | |
| OFFICER JOSEPH LOPEZ, ) | |
| UNKNOWN EMPLOYEES OF THE ) | |
| COOK COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| COOK COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| COOK COUNTY, ) | |
| CHICAGO POLICE ) | |
| DEPARTMENT, and ) | |
| CITY OF CHICAGO, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on three separate motions to dismiss. In his complaint, Plaintiff alleges various civil rights violations against the City of Chicago; the Chicago Police Department; Cook County; the Cook County Sheriff's Department; four police officers; and several employees of the Cook County Sheriff's Department yet to be identified by Plaintiff. The motions to dismiss assert that various sections of the complaint fail to state claims upon which relief can be granted. The first motion requests the Court to dismiss the City of Chicago from Counts I through III of the complaint and to dismiss the

Chicago Police Department from all counts in which it is named (the "City's Motion to Dismiss"). The second motion asks that the Court dismiss Cook County from all counts in which it is named ("Cook County's Motion to Dismiss"). The third motion argues that Plaintiff has failed to state a claim upon which relief can be granted in Counts I and III (the "Joint Motion to Dismiss Counts I and III"). On December 21, 2010, the Court held an oral argument on the three motions.

## I. FACTUAL BACKGROUND[1]

Plaintiff's claims arise from two basically independent sets of facts. First, Plaintiff alleges that four police officers violated his civil rights by searching, arresting, and prosecuting him without probable cause. Plaintiff's second set of claims arise from his detention in Cook County Jail during the pendency of his criminal case. He alleges that while he remained in prison, several employees of the Cook County Sheriff's Department denied him appropriate medical care.

**A.   Plaintiff's Arrest and Prosecution**

A traffic stop and resulting drug arrest form the basis for Plaintiff's claims against the City of Chicago (the "City"), the Chicago Police Department (the "CPD"), and four CPD officers (collectively "the City Defendants"). On June 13, 2009, Plaintiff was driving a vehicle near Fulton and Kilpatrick in Chicago. Four officers of the CPD (collectively "the

---

[1] For purposes of these motions, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *See Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

officers") stopped Plaintiff, removed him from the vehicle, handcuffed him, and placed him in the back seat of their patrol car. They then performed a search of Plaintiff's vehicle and his person, finding contraband. The officers did not have a warrant to arrest Plaintiff or to search his car, and Plaintiff alleges that both the vehicle stop and search occurred without probable cause. As a result of the search, Plaintiff was charged in Illinois state court with possession of a controlled substance with intent to deliver.

Two pretrial hearings followed, at which one of the officers allegedly perjured himself. At Plaintiff's preliminary hearing, Defendant Rocco Pruger ("Officer Pruger") testified that he and the other officers witnessed Plaintiff run a stop sign at Fulton and Kilpatrick before conducting the traffic stop. At a later suppression hearing, Officer Pruger again stated that he saw Plaintiff run the stop sign. Officer Pruger also testified that he recovered contraband lying in plain view before the officers began a systematic search of Plaintiff's vehicle. The trial court, however, found that the officers lacked probable cause to arrest Plaintiff or search his vehicle or person. Consequently, the prosecutor dropped the charges against Plaintiff.

**B.    Plaintiff's Detention in Cook County Jail**

Plaintiff was held in Cook County Jail from June 13, 2009 to February 24, 2010 pending resolution of his criminal case. His treatment there forms the basis for his claims against Cook County, the Cook County Sheriff's Department (the "Sheriff's Department"), and as-yet unknown employees of the Sheriff's Department (collectively "the County

Defendants"). At the time of the traffic stop that led to his arrest, Plaintiff was outfitted with a colostomy bag, due to an earlier gunshot wound to the abdomen that resulted in a perforated bowel. Because of his injury, Plaintiff developed a Methicillin-resistant Staphylococcus aureus infection, which Plaintiff controlled with medication prior to his arrest.

Plaintiff alleges that the County Defendants became aware of his medical condition during intake procedures at the Cook County Jail, but failed to provide Plaintiff sufficient medical attention. According to the complaint, Plaintiff requested medical treatment and supplies from various employees of the Sheriff's Department but never received the treatment or supplies that his condition required. Specifically, Plaintiff states that the County Defendants prevented him from receiving surgical repair of his injury and denied him the proper medication to control his staph infection. Eventually, the Circuit Court of Cook County ordered the County Defendants to provide Plaintiff with medical supplies and treatment, but Plaintiff alleges that the County Defendants failed to comply with the court's order. Plaintiff asserts that his medical condition significantly deteriorated due to his lack of treatment while in Cook County Jail.

**C.     Plaintiff's Claims**

Plaintiff's complaint contains seven counts. Count I alleges that the City Defendants violated Plaintiff's due process rights by withholding material exculpatory evidence required to be disclosed and by testifying falsely about the circumstances surrounding his arrest.

Count II asserts that the City Defendants arrested and detained Plaintiff without probable cause in violation of the Fourth and Fourteenth Amendments. Count III states that the City Defendants unlawfully prosecuted Plaintiff in violation of the Fourth and Fourteenth Amendments. Count IV alleges that the County Defendants violated the Fourteenth Amendment by acting with deliberate indifference toward Plaintiff's medical needs. Counts V and VI assert Illinois state law malicious prosecution and false arrest claims against the City Defendants. Finally, Count VII seeks to require the City and Cook County to indemnify the other named defendants pursuant to Illinois law.

## II. LEGAL STANDARDS

Rule 12(b)(6) authorizes a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive dismissal, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In resolving a Rule 12(b)(6) motion, a court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all reasonable inferences in the plaintiff's favor. *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

Recent Supreme Court precedent has further clarified the requirements for a sufficiently-pleaded complaint. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Seventh Circuit has synthesized these requirements as follows: (1) the complaint must provide the defendant fair notice of

plaintiff's claims; (2) the factual allegations must rise above the "speculative" level, that is, not be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim"; and (3) the factual allegations must provide more than abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 580–81 (7th Cir. 2009). A court should also consider the complexity of the case when addressing whether a complaint alleges sufficient facts. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (more complex cases may need a fuller set of facts to show relief is plausible).

### III. DISCUSSION

**A.     The City and Chicago Police Department Motion to Dismiss**

The City advances two arguments for dismissing the City and the CPD as defendants in Counts I through III. First, the City contends that the CPD may not be sued because it is simply a city department without a legal existence separate from the City itself. Second, the City asserts that Plaintiff has improperly sought *respondeat superior* liability under 42 U.S.C. § 1983 against the City in Counts I through III.

**1.     The Chicago Police Department is Not a Suable Entity**.

Plaintiff acknowledges the long-standing precedent holding that the CPD is not a suable entity, but he objects that courts have never provided a thorough explanation for this conclusion, though he cites no contradictory authority. Courts have dealt with the issue succinctly, perhaps because it is a simple issue. The CPD is not a suable entity because it

exists as a city government department completely controlled by the City and without an independent legal existence. *E.g.*, *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991); *see also Chan v. City of Chicago*, 123 F.3d 1005, 1007 (7th Cir. 1997) (mentioning the ruling while reviewing a later decision). Any action against the CPD therefore signifies the City as the real party in interest. *Lewis v. City of Chicago*, 496 F.3d 645, 645 n.1 (7th Cir. 2007) (*sua sponte* recaptioning the case to reflect the City rather than CPD as a defendant). The CPD is accordingly dismissed as a defendant in this action.

### 2. Counts I through III State Invalid *Respondeat Superior* Claims Against the City.

The City also argues that it must be dismissed from Counts I through III, which assert federal claims under 42 U.S.C. § 1983. That statute does not permit *respondeat superior* liability to be imposed on a municipality or other local government unit. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978). For a municipality to be held liable under § 1983, the wrong must result from a governmental policy or custom, such that "the municipality was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403–04 (1997).

Here, Plaintiff alleges no City policy or custom that caused his injuries, but instead argues that the City is a proper party under an Illinois statute that directs public entities to indemnify their employees for tort judgements. *See* 745 Ill. Comp. Stat. 10/9-102. That may be so, but Count VII of the complaint sets forth the indemnification claim. Counts I through III, meanwhile, set forth purported § 1983 claims for violation of due process, unlawful

arrest and detention, and unlawful prosecution. These allegations do not raise claims against the City, so the Court dismisses the City as a defendant from Counts I through III. Count VII remains as the indemnification claim against the City.

**B.      Cook County's Motion to Dismiss**

Cook County appears as defendant in two counts: Count IV, which alleges denial of medical care in violation of the Fourteenth Amendment, and Count VII, which alleges indemnitor liability.  Cook County argues that Plaintiff has improperly sought *respondeat superior* liability in both counts, while Plaintiff contends that he has properly pled Cook County as a potential indemnitor.

**1.      Counts IV States an Invalid *Respondeat Superior* Claim Against Cook County**.

Count IV as against Cook County suffers from defects similar to Counts I through III against the City.  Like municipalities, counties cannot be held liable under § 1983 on a *respondeat superior* theory.  *Monell*, 436 U.S. at 690–91 (applying holding to "municipalities and other local government units").  And even if *respondeat superior* liability were possible, Cook County could not be held liable as the Sheriff's employer, because Illinois sheriffs are independently elected constitutional officers not subject to the control of the county regarding management of the county jail.[2]  *Riley v. County of Cook*,

---

[2] This attribute of Illinois sheriffs distinguishes them from municipal police departments like the CPD.  Because sheriffs serve as independently elected constitutional officers, their office has a legal identity separate from the county government and is therefore suable.  *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 977 n.2 (7th Cir. 2000).

682 F. Supp.2d 856, 860 (N.D. Ill. 2010) (citing *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995)).

Here, Plaintiff alleges no Cook County policy or custom that caused his injuries, but instead argues that Cook County is a proper party under an Illinois indemnification statute. Count VII does allege indemnitor liability for Cook County. On the other hand, Count IV alleges that the County Defendants violated the Fourteenth Amendment by acting with deliberate indifference toward Plaintiff's medical needs. Thus, the Court reads Count IV as a § 1983 claim and dismisses Cook County as a defendant from that count.

**2.     Count VII States an Indemnification Claim Against Cook County**.

Because Cook County requests dismissal of all claims against it, the question remains whether Count VII states a claim against Cook County as a potential indemnitor. Illinois law requires local public entities "to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable . . . ." 745 Ill. Comp. Stat. 10/9-102. The Illinois Supreme Court has interpreted this law to mean that a county is "required to pay a judgment entered against a sheriff's office in an official capacity." *Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127, 141 (Ill. 2003) (answering a certified question from the Seventh Circuit). As a result, a county becomes a required party pursuant to Federal Rule of Civil Procedure 19(a) in any suit seeking damages from an independently elected county officer in his official capacity. *Askew v. Sheriff of Cook County*, 568 F.3d 632, 636–37 (7th Cir. 2009); *Carver v. Sheriff*

*of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003). Thus, Count VII against Cook County may stand so long as Plaintiff also states a claim against the Sheriff of Cook County in his official capacity.

Here, Plaintiff has sued the Sheriff's Department rather than the Sheriff himself, but Plaintiff's counsel agreed at oral argument the "Sheriff of Cook County" would be a more appropriate defendant and consented to dismissal of the Sheriff's Department as a defendant. The Court therefore dismisses the Sheriff's Department as a defendant in Count IV but grants Plaintiff leave to amend the complaint and add the Sheriff of Cook County as a defendant. Plaintiff is reminded, however, that because Count IV relies on § 1983, Plaintiff must allege something more that *respondeat superior* liability against the Sheriff. With the understanding that Plaintiff will add the Sheriff of Cook County as a defendant, the Court denies the motion to dismiss Count VII against Cook County.

**C.     The Joint Motion to Dismiss Counts I and III**

In the Joint Motion to Dismiss Counts I and III, the City Defendants argue that the facts alleged cannot support two of Plaintiff's claims.[3] Concerning Count I, they contend that Plaintiff has attempted to recast his false arrest and malicious prosecution allegations as a *Brady* violation, without actually identifying exculpatory evidence that the officers had a duty to disclose. *See Brady v. Maryland*, 373 U.S. 83 (1963). As for Count III, the City

---

[3] Because the City Defendants filed this motion after filing their answer, the Court construes it as a Rule 12(c) motion for judgment on the pleadings, applying the same legal standard as with a motion under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(h)(2); *Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 470 n.2 (7th Cir. 1997).

Defendants maintain that § 1983 cannot be used to bring a malicious prosecution action where, as here, state law provides a remedy.

### 1. Count I Fails to Establish Any of the Three Elements of a *Brady* Violation.

Plaintiff casts Count I as a "*Newsome*" claim for withholding material exculpatory evidence. In *Newsome v. McCabe*, the Seventh Circuit recognized a constitutional tort for violation of due process where the government withholds material evidence favorable to the accused in violation of *Brady v. Maryland*. *Newsome v. McCabe*, 256 F.3d 747, 751–52 (7th Cir. 2001). To make out a *Brady* violation, a plaintiff must show that "(1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued—in other words, 'materiality.'" *Carvajal v. Dominguez*, 542 F.3d 561, 566–67 (7th Cir. 2008). Though the duty to make *Brady* disclosures falls primarily upon the prosecutor, police officers may be liable under § 1983 for failing to disclose exculpatory information to the prosecutor. *Steidl v. Fermon*, 494 F.3d 623, 631 (7th Cir. 2007).

Here, Count I fails to expressly identify the exculpatory or impeaching evidence supposedly withheld. While Count I sets forth the three elements of a *Brady* violation, it does not specify exactly what evidence constituted *Brady* materials. Plaintiff cannot state a claim merely by parroting the elements of his cause of action. *See, e.g.*, *Brooks*, 578 F.3d at 580–81. Nor do the factual allegations incorporated into Count I set forth details that

might suggest a *Brady* violation. Plaintiff does assert that police officers stopped and searched Plaintiff's car without probable cause, but these allegations do not describe exculpatory or impeaching evidence that rises to the level of *Brady* materials. The information is not exculpatory, because it does not tend to suggest that Plaintiff was factually innocent of the crime charged, but rather relates to whether police officers recovered the inculpatory evidence legally. And even assuming that details of the traffic stop could have been used at trial to impeach the officers, the prosecutor would not have had a duty to disclose it this early in the proceedings; the government need only turn over impeaching information in time for the defense to use it at trial. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002) (holding that the government need not turn over impeachment information before the defendant enters a guilty plea). This evidence would also fail at the "suppression" prong, because Plaintiff was present for his traffic stop and arrest. He cannot say that the government withheld the true facts of the incident if Plaintiff was there and knew what happened. *See Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003) *overruled in part on other grounds by Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006) (observing that police have no duty to disclose the contents of a defendant's own interrogation to him).

      Plaintiff also alleges that the officers lied about the traffic stop in their reports and at Plaintiff's suppression hearing, but "a lying witness is certainly not a *Brady* violation." *Carvajal*, 542 F.3d at 567. The Constitution does not guarantee that witnesses will testify truthfully but rather that the defendant will receive a trial that enables jurors to determine

where the truth lies. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006). The Seventh Circuit has therefore rejected the notion that a *Brady* violation occurs where an officer "suppresses" evidence of the truth by lying. *Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007). Thus, Plaintiff has failed to identify exulpatory or impeaching evidence suppressed by the City Defendants.

Finally, even assuming that Plaintiff could satisfy the first two elements of his *Newsome* claim, he also fails to establish the "prejudice" prong. *Brady* identifies a trial right, so Plaintiff must show that any withholding of evidence denied him his right to a fair trial. *See Newsome*, 256 F.3d at 752. The Seventh Circuit has expressed doubt "that an acquitted defendant can ever establish the requisite prejudice for a *Brady* violation," noting that the Supreme Court has measured *Brady* materiality by whether the evidence withheld would have produced a different verdict. *Bielanski v. County of Kane*, 550 F.3d 632, 644–45 (7th Cir. 2008) (citing *Strickler v. Greene*, 527 U.S. 263, 289–90 (1999)). Nevertheless, it has left open the possibility that a *Brady* violation might be possible even with an acquittal if "the suppression result or the decision to go to trial would have been altered by the desired disclosure." *Carvajal*, 542 F.3d at 569. But here, there was no suppression result to alter and no decision to go to trial, because Plaintiff won his suppression hearing and had his case dismissed as a result. Thus, even if the Seventh Circuit would recognize a *Brady* violation for an acquitted defendant, Plaintiff could not make out the showing that the Seventh Circuit would require for the *Brady* violation. *See id.* This is not to say that Plaintiff suffered no

harm as the result of his allegedly illegal arrest and detention, but Plaintiff may address those injuries in his unlawful arrest and malicious prosecution claims. The Court dismisses Count I for failure to state a claim upon which relief can be granted.

> 2. **Because Illinois Law Provides a Cause of Action for Malicious Prosecution, Plaintiff Cannot Pursue a Constitutional Theory of Malicious Prosecution in Count III**.

In Count III, Plaintiff alleges that the City Defendants committed a Fourth Amendment violation by prosecuting him without probable cause. The City Defendants respond that such a claim is precluded because Illinois tort law provides a cause of action for malicious prosecution, and "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *Newsome*, 256 F.3d at 750. Plaintiff concedes that the Seventh Circuit has held as much concerning claims that rely on the Fourteenth Amendment, but he argues that the Fourth Amendment provides an alternate basis for unlawful prosecution actions. Unfortunately for Plaintiff, two recent Seventh Circuit opinions foreclose this argument. *See Parish v. City of Chicago*, 594 F.3d 551, 553–54 (7th Cir. 2009) (declining to reconsider *Newsome* or entertain a theory that the Fourth Amendment can support malicious prosecution suits); *Johnson v. Saville*, 575 F.3d 656, 663–64 (7th Cir. 2009) (same). Plaintiff notes that *Johnson* left open "the possibility of a Fourth Amendment claim against officers who misrepresent evidence to prosecutors," but that section of the opinion was referring to possible claims for wrongful arrest, not malicious prosecution. *See Johnson*, 575 F.3d at 663–64 (citing wrongful arrest case

*McCullah v. Gadert*, 344 F.3d 655, 659 (7th Cir. 2003)). Luckily for Plaintiff, his complaint already asserts just such a wrongful arrest claim in Count II. The Court dismisses Count III for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons set forth in this opinion, the City's Motion to Dismiss is granted. The Chicago Police Department is dismissed as a defendant in all counts, and the City of Chicago is dismissed as a defendant in Counts I through III. Cook County's Motion to Dismiss is granted in part and denied in part. Cook County is dismissed as a defendant in Count IV but retained as a defendant in Count VII. The Joint Motion to Dismiss Counts I and III is granted, and Counts I and III are dismissed for failure to state a claim upon which relief can be granted. By consent of Plaintiff, the Cook County Sheriff's Department is dismissed as a defendant in Count IV. The Court grants Plaintiff leave to amend his complaint within 21 days for the purpose of joining the Sheriff of Cook County as a defendant and amending his complaint consistent with this Court's decision.

**SO ORDERED THIS 3rd DAY OF JANUARY, 2011.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Holly Nicole Blaine
Robert M. Stephenson LLC
1029 Lake St.
Suite 202
Oak Park, IL 60301

Counsel for Plaintiff

Jonathan Clark Green
Chicago Corporation Counsel
30 North LaSalle St.
Suite 900
Chicago, IL 60602

Brian O'Connor Watson
City of Chicago, Department of Law
30 N. LaSalle St.
Suite 900
Chicago, IL 60602

Counsel for the City Defendants


David Richard Condron
Cook County States Attorney's Office
Daley Ctr.
500 Richard J. Daley Center
Chicago, IL 60602

Counsel for Cook County